```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Advanced Hyperbaric Recovery, LLC
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
IN RE:                          CASE No. 10-12371

GUILLERMINA CANELA,             CHAPTER 13

    Debtor.         /           OBJECTION TO CONFIRMATION
                                OF CHAPTER 13 PLAN
                                Date: September 20, 2010
                                Time: 1:30 p.m.
                                Place: 99 South E St.
                                       Santa Rosa, CA
```

Advanced Hyperbaric Recovery, LLC, by and through counsel, hereby objects to confirmation of Debtor's Chapter 13 Plan and represents:

FACTUAL AND PROCEDURAL BACKGROUND

1. Advanced Hyperbaric Recovery, LLC holds a valid and perfected security interest in real property located at 7155 Gravenstein Highway, Cotati, California (hereinafter the "Real Property").

2. The security interest secures a principal indebtedness in the amount of $233,733.00 as evidenced by the Promissory Note and the Deed of Trust. Pursuant to the terms of the Promissory Note, Jesus and Elida Lopez are required to tender monthly payments to

Advanced Hyperbaric Recovery, LLC in the amount of $1,947.78. The loan is all due on November 13, 2012. As of July 27, 2010, the total amount due under the Note was $286,119.11.

3. Jesus and Elida Lopez failed to make the monthly payment required under the Note and Deed of Trust for the months of January, 2009 through the present. The total amount required to be paid in order to reinstate the loan is in excess of $52,280.24.

4. Without the knowledge or consent of Advanced Hyperbaric Recovery, LLC, Jesus and Elida Lopez transferred title to the Real Property to Debtor and another individual.

5. On January 22, 2010, Jesus and Elida Lopez commenced a Bankruptcy Proceeding, Case No. 10-10194. Immediately after Advanced Hyperbaric Recovery, LLC obtained relief from stay, the case was converted to Chapter 13. Jesus and Elida Lopez proposed a Plan that impermissibly modified the secured claim of Advanced Hyperbaric Recovery, LLC and Advanced Hyperbaric Recovery, LLC objected to confirmation. Jesus and Elida Lopez then amended the Plan to provide for surrender of the Real Property.

6. The instant case was filed on June 24, 2010 by Debtor on the eve of Advanced Hyperbaric Recovery, LLC's scheduled trustee's sale of the Real Property.

7. Advanced Hyperbaric Recovery, LLC filed a Motion for Relif from Stay on June 30, 2010. After a hearing on July 22, 2010, the Motion was granted and the Section 362 Stay was lifted. However, the Court stayed foreclosure so long as (a) Debtor made a regular payment by noon on July 26, 2010 and continued making regular payments every 30-days thereafter; and (b) a plan is confirmed in 120-days. The Order on Motion for Relief From Stay forces Advanced

Hyperbaric Recovery, LLC to accept payments from Debtor on account of a contract that Debtor is not a party to. [Docket No. 16].

8. The instant case is not Debtor's first Bankruptcy. On October 22, 2009, Debtor filed a Chapter 7 proceeding, Case No. 09-13469. The Order Discharging Debtor was entered on January 26, 2010, four-days after Jesus and Elida Lopez filed their voluntary petition for relief.

9. Debtor scheduled no unsecured claims in the instant case; in all likelihood because her debts were discharged in Case No. 09-13469 and no new debts were incurred since then. The only secured debts scheduled by Debtor are the claim of Advanced Hyperbaric Recovery, LLC and the Sonoma County Tax Collector, both of which relate to the Real Property. There can be no doubt that the instant case was filed for the sole purpose of preventing Advanced Hyperbaric Recovery, LLC from foreclosing on the Real Property.

10. Debtor's Schedules indicate that she is a "self-employed" and is a "business woman," although Schedule I fails to identify neither the address of employment nor how long Debtor has been employed. Schedule I states that Debtor earns $2,500 in regular income from operation of business but Question 18 in the Statement of Financial Affairs indicates that "Guillermina Canela Home Daycare" closed in 2009 but that Debtor is "seeking to re-open".

11. Debtor's Chapter 13 Plan proposes the curing of pre-petition arrears, in the amount of $45,188.57, over the 60-month plan term. It also provides for contemporaneous payments to Advanced Hyperbaric Recovery, LLC of the payment required by the Note and Deed of Trust executed by Jesus and Elida Lopez. The Plan also provides for the curing of arrears owed to the Sonoma County

Tax Collector, but at 0% per annum.

## DISCUSSION

Debtor's Chapter 13 plan cannot be confirmed:

**I. THE DEBTOR LACKED GOOD FAITH IN FILING THE CASE AND IS LACKING GOOD FAITH IN PROPOSING THE PLAN.**

The transfer of title to the Real Property to Debtor, the serial bankruptcy filings by Debtor and Jesus and Elida Lopez and the complete failure to service the debt owed to Advanced Hyperbaric Recovery, LLC until absolutely necessary constitutes a coordinated effort by Debtor and Jesus and Elida Lopez to improperly use the automatic stay to the detriment of Advanced Hyperbaric Recovery, LLC. See 11 U.S.C. § 362(d)(4).

The same Attorney, Evan M. Livingstone, represented all of above-named individuals in all of the above-described cases. The timing of the filing of each case, as well as the conversion of Jesus and Elida Lopez's case from Chapter 7 to Chapter 13 precisely coincided with Advanced Hyperbaric Recovery, LLC's efforts to foreclose on its collateral. As soon as the automatic stay expired on one front, these individuals would make a brazen procedural maneuver to effectuate the stay elsewhere. Despite all of the maneuvering, no payment was made to Advanced Hyperbaric Recovery, LLC until the last moment before expiration of the deadline imposed by the Order on Motion for Relief From Stay. [Docket No. 16].

Debtor is not a party to the contract entered into between Advanced Hyperbaric Recovery, LLC and Jesus and Elida Lopez and it is inequitable to force Advanced Hyperbaric Recovery, LLC into any sort of relationship with Debtor.

Advanced Hyperbaric Recovery, LLC is entitled to condition its

decision to finance a transaction on a thorough investigation into a borrower's credit-worthiness. The Debtor's Plan seeks to deprive Advanced Hyperbaric Recovery, LLC of this entitlement and force it to provide financing to her without so much as a loan application.

Advanced Hyperbaric Recovery, LLC elected to finance Jesus and Elida Lopez's purchase of the Real Property. Jesus and Elida Lopez defaulted on the obligation, by both failing to make the required payments for more than 18 months and transferring title to a stranger without the consent of Advanced Hyperbaric Recovery, LLC. They then surrendered the Real Property in their Bankruptcy which should have been the end of things. However, it was not the end because Debtor commenced the instant case to effectuate the automatic stay. The only reason the filing effectuated the stay is because, contrary to the terms of the Note, Jesus and Elida Lopez transferred legal title to Debtor.

Debtor lacked good faith in commencing this case and is lacking good faith in proposing the Plan because Chapter 13 is not intended to turn a bargained-for real property transaction into a game of musical chairs. Neither is it meant to enable a group of individuals to engage in a series of coordinated filings to take advantage of the provisions of Section 362. Confirmation should be denied. 11 U.S.C. §§ 1325(a)(3)&(7).

**II. THE PLAN FAILS TO PROVIDE FOR FULL PAYMENT OF ADVANCED HYPERBARIC RECOVERY, LLC'S CLAIM.**

When a balloon payment comes due during a Chapter 13 Plan, Section 1322 allows a Debtor to modify the claim and pay the claim over the life of the plan pursuant to Section 1325(a)(5). 11 U.S.C. §§ 1322(b)(2), (b)(3)&(c)(2), 1325(a)(5). In the present case, the

Plan has no provision providing for the full payment of Advanced Hyperbaric Recovery, LLC's claim and, as such, it violates Section 1325(a)(5). The Plan cannot be confirmed unless it is amended to provide for full repayment of Advanced Hyperbaric Recovery, LLC's claim over the life of the Plan.

**III. THE PLAN IS NOT FEASIBLE.**

Although Debtor projects income of $4,700.00 on Schedule I, the Statement of Financial Affairs indicates that her child care business is not currently operating so it is questionable whether the income actually exists. Schedule I also indicates that Debtor will receive "contributions from co-owners." Presumably the "co-owners" are Jesus and Elida Lopez whose First Amended Plan, in Case No. 10-10194, provides for surrender of the Real Property. The logical conclusion is that Debtor intends to fund her Plan - at least in part - from Jesus and Elida Lopez's improper post-petition transfers. The projected $800 "contribution from daughter" is also questionable.

Further, as mentioned above, Debtor's Plan must provide for the full payment of Advanced Hyperbaric Recovery, LLC's claim over the life of the Plan. Although the Plan is defective for failure to include such a provision, the reality is that such a provision would render the Plan even less feasible. The reason is because Debtor would be required to either pay the claim in a single lump sum installment (e.g. sale or refinance) or in equal monthly installments. See 11 U.S.C. §§ 1322(d), 1325(a)(5)(B)(iii).

There is no conceivable way that Debtor - an unemployed day care operator, who lost 3 properties to foreclosure in the last few years, who is in her second bankruptcy case in the last year and who

intends to fund her Plan with Jesus and Elida Lopez's improper post-petition transfers - could ever demonstrate the feasibility of paying off Advanced Hyperbaric Recovery, LLC's claim, in full, over the next five-years. The Plan is not feasible and it cannot be confirmed. 11 U.S.C. § 1325(a)(6).

The lack of feasibility is further demonstrated by the fact that all payments coming due post-petition have not been paid. A stay remains in effect solely because of Debtor making payment pursuant to the Order on Motion for Relief From Stay. The timing of payments required by the Order, however, does not coincide with the timing of payments required by the Note. As a result, post-petition late fees are being incurred which remain unpaid.

**IV. THE PLAN FAILS TO CURE THE ENTIRETY OF PRE-PETITION ARREARS.**

As set forth in Advanced Hyperbaric Recovery, LLC's Proof of Claim, the total amount of pre-petition arrears is $50,280.24. However, the Plan only provides for the curing of arrears in the amount of $45,188.57. Amongst other things, in order to confirm a Plan, the Debtor's Plan must cure the entirety of pre-petition arrears. The Plan fails to do so and so it cannot be confirmed. 11 U.S.C. § 1325(a)(5).

**V. THE PLAN FAILS TO PAY THE REDEMPTION PENALTY RATE OF INTEREST ON THE CLAIM OF THE SONOMA COUNTY TAX COLLECTOR'S CLAIM.**

The penalty rate on secured tax roll arrears is 18% per annum. However, the Debtor's Plan inexplicably pays 0% on the claim of the Sonoma County Tax Collector. Unless the redemption penalty rate of interest is paid, Advanced Hyperbaric Recovery, LLC will be held responsible should it ultimately foreclose upon the Real Property. The Plan is not confirmable because it fails to pay the present

value of the claim of the Sonoma County Tax Collector. 11 U.S.C. § 511; Cal. Rev. & Tax. Code § 4103.[1]

WHEREFORE, Advanced Hyperbaric Recovery, LLC prays for an order denying confirmation of the Debtor's Chapter 13 Plan, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 8/17/10         DAVID N. CHANDLER, p.c.


By: */s/ David N. Chandler, Jr.*
DAVID N. CHANDLER, JR.,
Attorney for Advanced Hyperbaric Recovery, LLC

---

[1] The Declaration of Janine M. Thill, attached to the Motion for Relief From Stay [Docket No. 10], is incorporated herein by reference. The Declaration of David N. Chandler, Jr. [Docket No. 15] is also incorporated herein by reference.